UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

**MERCEDES R. N.,**[1]

    **Plaintiff,**

v.

**KILOLO KIJAKAZI,**
**Acting Commissioner of Social Security,**

    **Defendant.**

Case No. 2:20-cv-16668
Magistrate Judge Norah McCann King

## OPINION AND ORDER

This matter comes before the Court pursuant to Section 205(g) of the Social Security Act, as amended, 42 U.S.C. § 405(g), regarding the applications of Plaintiff Mercedes R.N. for Disability Insurance Benefits under Title II of the Social Security Act, 42 U.S.C. §§ 401 *et seq.*, and for Supplemental Security Income under Title XVI of the Social Security Act, 42 U.S.C. §§ 1381 *et seq*. Plaintiff appeals from the final decision of the Commissioner of Social Security denying those applications.[2] After careful consideration of the entire record, including the entire administrative record, the Court decides this matter pursuant to Rule 78(b) of the Federal Rules of Civil Procedure and Local Civil Rule 9.1(f). For the reasons that follow, the Court the Court reverses the Commissioner's decision and remands the matter for further proceedings.

---

[1] The Committee on Court Administration and Case Management of the Judicial Conference of the United States has recommended that, due to significant privacy concerns in social security cases, federal courts should refer to plaintiffs in such cases by only their first names and last initials. *See also* D.N.J. Standing Order 2021-10.

[2] Kilolo Kijakazi, the Acting Commissioner of Social Security, is substituted as Defendant in her official capacity. *See* Fed. R. Civ. P. 25(d).

determine if they are supported by substantial evidence. *Sykes v. Apfel*, 228 F.3d 259, 262 (3d Cir. 2000); *see also* 42 U.S.C. §§ 405(g), 1383(c)(3). The United States Supreme Court has explained this standard as follows:

> Under the substantial-evidence standard, a court looks to an existing administrative record and asks whether it contains sufficien[t] evidence to support the agency's factual determinations. And whatever the meaning of substantial in other contexts, the threshold for such evidentiary sufficiency is not high. Substantial evidence, this Court has said, is more than a mere scintilla. It means – and means only – such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.

*Biestek v. Berryhill*, 139 S.Ct. 1148, 1154 (2019) (internal citations and quotation marks omitted); *see also Pierce v. Underwood*, 487 U.S. 552, 565 (1988) (citation and internal quotations omitted); *Bailey v. Comm'r of Soc. Sec.*, 354 F. App'x 613, 616 (3d Cir. 2009) (citations and quotations omitted); *K.K. ex rel. K.S. v. Comm'r of Soc. Sec.*, No. 17-2309, 2018 WL 1509091, at *4 (D.N.J. Mar. 27, 2018).

The substantial evidence standard is a deferential standard, and the ALJ's decision cannot be set aside merely because the Court "acting de novo might have reached a different conclusion." *Hunter Douglas, Inc. v. NLRB*, 804 F.2d 808, 812 (3d Cir. 1986); *see, e.g.*, *Fargnoli v. Massanari*, 247 F.3d 34, 38 (3d Cir. 2001) ("Where the ALJ's findings of fact are supported by substantial evidence, we are bound by those findings, even if we would have decided the factual inquiry differently.") (citing *Hartranft v. Apfel*, 181 F.3d 358, 360 (3d Cir. 1999)); *K.K.*, 2018 WL 1509091, at *4 ("'[T]he district court ... is [not] empowered to weigh the evidence or substitute its conclusions for those of the fact-finder.'") (quoting *Williams v. Sullivan*, 970 F.2d 1178, 1182 (3d Cir. 1992)).

Nevertheless, the Third Circuit cautions that this standard of review is not "a talismanic or self-executing formula for adjudication." *Kent v. Schweiker*, 710 F.2d 110, 114 (3d Cir. 1983)

("The search for substantial evidence is thus a qualitative exercise without which our review of social security disability cases ceases to be merely deferential and becomes instead a sham."); *see Coleman v. Comm'r of Soc. Sec.*, No. 15-6484, 2016 WL 4212102, at *3 (D.N.J. Aug. 9, 2016). The Court has a duty to "review the evidence in its totality" and "take into account whatever in the record fairly detracts from its weight." *K.K.*, 2018 WL 1509091, at *4 (quoting *Schonewolf v. Callahan*, 972 F. Supp. 277, 284 (D.N.J. 1997) (citations and quotations omitted)); *see Cotter v. Harris*, 642 F.2d 700, 706 (3d Cir. 1981) (stating that substantial evidence exists only "in relationship to all the other evidence in the record"). Evidence is not substantial if "it is overwhelmed by other evidence," "really constitutes not evidence but mere conclusion," or "ignores, or fails to resolve, a conflict created by countervailing evidence." *Wallace v. Sec'y of Health & Human Servs.*, 722 F.2d 1150, 1153 (3d Cir. 1983) (citing *Kent*, 710 F.2d at 114); *see K.K.*, 2018 WL 1509091, at *4. The ALJ's decision thus must be set aside if it "did not take into account the entire record or failed to resolve an evidentiary conflict." *Schonewolf*, 972 F. Supp. at 284-85 (citing *Gober v. Matthews*, 574 F.2d 772, 776 (3d Cir. 1978)).

Although an ALJ is not required "to use particular language or adhere to a particular format in conducting [the] analysis," the decision must contain "sufficient development of the record and explanation of findings to permit meaningful review." *Jones v. Barnhart*, 364 F.3d 501, 505 (3d Cir. 2004) (citing *Burnett v. Comm'r of Soc. Sec.*, 220 F.3d 112, 119 (3d Cir. 2000)); *see K.K.*, 2018 WL 1509091, at *4. The Court "need[s] from the ALJ not only an expression of the evidence s/he considered which supports the result, but also some indication of the evidence which was rejected." *Cotter*, 642 F.2d at 705-06; *see Burnett*, 220 F.3d at 121 ("Although the ALJ may weigh the credibility of the evidence, he must give some indication of the evidence which he rejects and [the] reason(s) for discounting such evidence.") (citing

*Plummer v. Apfel*, 186 F.3d 422, 429 (3d. Cir. 1999)). "[T]he ALJ is not required to supply a comprehensive explanation for the rejection of evidence; in most cases, a sentence or short paragraph would probably suffice." *Cotter v. Harris*, 650 F.2d 481, 482 (3d Cir. 1981). Absent such articulation, the Court "cannot tell if significant probative evidence was not credited or simply ignored." *Id.* at 705. As the Third Circuit explains:

> Unless the [ALJ] has analyzed all evidence and has sufficiently explained the weight he has given to obviously probative exhibits, to say that his decision is supported by substantial evidence approaches an abdication of the court's duty to scrutinize the record as a whole to determine whether the conclusions reached are rational.

*Gober*, 574 F.2d at 776; *see Schonewolf*, 972 F. Supp. at 284-85.

Following review of the entire record on appeal from a denial of benefits, a court can enter "a judgment affirming, modifying, or reversing the decision of the [Commissioner], with or without remanding the cause for a rehearing." 42 U.S.C. § 405(g). Remand is appropriate if the record is incomplete or if the ALJ's decision lacks adequate reasoning or contains illogical or contradictory findings. *See Burnett*, 220 F.3d at 119-20; *Podedworny v. Harris*, 745 F.2d 210, 221-22 (3d Cir. 1984). Remand is also appropriate if the ALJ's findings are not the product of a complete review which "explicitly weigh[s] all relevant, probative and available evidence" in the record. *Adorno v. Shalala*, 40 F.3d 43, 48 (3d Cir. 1994) (internal quotation marks omitted); *see A.B. on Behalf of Y.F. v. Colvin*, 166 F. Supp.3d 512, 518 (D.N.J. 2016). A decision to "award benefits should be made only when the administrative record of the case has been fully developed and when substantial evidence on the record as a whole indicates that the claimant is disabled and entitled to benefits." *Podedworny*, 745 F.2d at 221-22 (citation and quotation omitted); *see A.B.*, 166 F. Supp.3d at 518.

B.     **Sequential Evaluation Process**

The Social Security Act establishes a five-step sequential evaluation process for determining whether a plaintiff is disabled within the meaning of the statute. 20 C.F.R. §§ 404.1520(a)(4), 416.920(a)(4). "The claimant bears the burden of proof at steps one through four, and the Commissioner bears the burden of proof at step five." *Smith v. Comm'r of Soc. Sec.*, 631 F.3d 632, 634 (3d Cir. 2010) (citing *Poulos v. Comm'r of Soc. Sec.*, 474 F.3d 88, 92 (3d Cir. 2007)).

At step one, the ALJ determines whether the plaintiff is currently engaged in substantial gainful activity. 20 C.F.R. §§ 404.1520(b), 416.920(b). If so, then the inquiry ends because the plaintiff is not disabled.

At step two, the ALJ decides whether the plaintiff has a "severe impairment" or combination of impairments that "significantly limits [the plaintiff's] physical or mental ability to do basic work activities[.]" 20 C.F.R. §§ 404.1520(c), 416.920(c). If the plaintiff does not have a severe impairment or combination of impairments, then the inquiry ends because the plaintiff is not disabled. Otherwise, the ALJ proceeds to step three.

At step three, the ALJ decides whether the plaintiff's impairment or combination of impairments "meets" or "medically equals" the severity of an impairment in the Listing of Impairments ("Listing") found at 20 C.F.R. § 404, Subpart P, Appendix 1. 20 C.F.R. §§ 404.1520(d), 416.920(d). If so, then the plaintiff is presumed to be disabled if the impairment or combination of impairments has lasted or is expected to last for a continuous period of at least 12 months. *Id.* at §§ 404.1509, 416.909. Otherwise, the ALJ proceeds to step four.

At step four, the ALJ must determine the plaintiff's residual functional capacity ("RFC") and determine whether the plaintiff can perform past relevant work. 20 C.F.R. §§ 404.1520(e),

(f), 416.920(e), (f). If the plaintiff can perform past relevant work, then the inquiry ends because the plaintiff is not disabled. Otherwise, the ALJ proceeds to the final step.

At step five, the ALJ must decide whether the plaintiff, considering the plaintiff's RFC, age, education, and work experience, can perform other jobs that exist in significant numbers in the national economy. 20 C.F.R. §§ 404.1520(g), 416.920(g). If the ALJ determines that the plaintiff can do so, then the plaintiff is not disabled. Otherwise, the plaintiff is presumed to be disabled if the impairment or combination of impairments has lasted or is expected to last for a continuous period of at least twelve months.

### III.   ALJ DECISION AND APPELLATE ISSUES

Plaintiff was 47 years old on her alleged disability onset date. R. 31. Plaintiff met the insured status requirements of the Social Security Act through December 31, 2021. R. 17. At step one, the ALJ found that Plaintiff had not engaged in substantial gainful activity between July 20, 2016, her alleged disability onset date, and the date of the decision. *Id.*

At step two, the ALJ found that Plaintiff suffered from the following severe impairments: cervical degenerative disc disease, with radiculopathy; lumbar degenerative disc disease, with radiculopathy; bilateral carpal tunnel syndrome; left shoulder degenerative joint disease; left plantar fasciitis and tarsal tunnel syndrome; left posterior tibial tendonitis; mononeuritis of the left lower extremity; vertigo; post-traumatic stress disorder ("PTSD"); and major depressive disorder. R. 17–18. The ALJ also found that Plaintiff's diagnosed pyelonephritis, vitamin D deficiency, left calcaneal spurring, headaches, hyperlipidemia, hypercholesterolemia, varicose veins, and obesity were not severe impairments. R. 18–19. The ALJ also found that Plaintiff's alleged fibromyalgia was not severe. R. 19–20.

At step three, the ALJ found that Plaintiff did not suffer an impairment or combination of

impairments that met or medically equaled the severity of any Listing. R. 20–22.

At step four, the ALJ found that Plaintiff had the RFC to perform light work subject to various additional limitations. R. 22–31. The ALJ also found that this RFC did not permit the performance of Plaintiff's past relevant work as a home health aide and hand packager. R. 31.

At step five and relying on the testimony of the vocational expert, the ALJ found that a significant number of jobs—*e.g.*, jobs as an inspector and hand packager,[4] a photocopy machine operator, and a sealing-and-cancelling-machine operator–existed in the national economy and could be performed by Plaintiff. R. 32. The ALJ therefore concluded that Plaintiff was not disabled within the meaning of the Social Security Act from July 20, 2016, her alleged disability onset date, through the date of the decision. R. 32–33.

Plaintiff disagrees with the ALJ's findings at step four and asks that the decision of the Commissioner be reversed and remanded for further proceedings. *Plaintiff's Moving Brief,* ECF No. 19. The Acting Commissioner takes the position that her decision should be affirmed in its entirety because the ALJ's decision correctly applied the governing legal standards, reflected consideration of the entire record, and was supported by sufficient explanation and substantial evidence. *Defendant's Brief Pursuant to Local Civil Rule 9.1*, ECF No. 24.

IV.  **RELEVANT MEDICAL EVIDENCE**

On June 18, 2019, Solania Rios, PA-C, a physician assistant to treating physician Gregorio Guillen, M.D., completed a two-page, check-the-box and fill-in-the-blank form entitled, "Residual Functional Capacity Questionnaire." R. 891–92 ("June 2019 opinion"). Ms. Rios stated that she had seen Plaintiff every two to three months since 2009. R. 891. She

---

[4] The vocational expert identified Plaintiff's past relevant work as, *inter alia*, a hand packager with a DOT number of 920.587-018, R. 72, and the position of inspector and hand packager that Plaintiff could perform had a DOT number of 559.587-074, R. 73–74.

identified Plaintiff's diagnoses as cervical and lumbar radiculopathy, chronic back and extremity pain, anxiety, depression, and carpal tunnel syndrome, and noted that Plaintiff's prognosis was "chronic." *Id.* Plaintiff's symptoms included moderate to severe back pain and lower extremity weakness which, according to Ms. Rios, were severe enough to frequently interfere with the attention and concentration required to perform simple work-related tasks. *Id.* Drowsiness was a side effect of Plaintiff's medications. *Id.* According to Ms. Rios, Plaintiff would need to recline or lie down during a hypothetical 8-hour workday in excess of the typical 15-minute break in the morning, the 30-60-minute lunch, and the typical 15-minute break in the afternoon. *Id.* Plaintiff could walk one city block without rest or significant pain; she could sit for 30 minutes at a time and stand/walk for 15 minutes at a time; and she could sit for a total of 3 hours and stand/walk for a total of 2 hours in an eight-hour workday. *Id*. Ms. Rios further opined that Plaintiff needed a job that permits shifting positions at will from sitting, standing, or walking and that Plaintiff needed to take unscheduled breaks every 30 minutes to 2 hours for 15 to 30 minutes at a time before returning to work. *Id.* Ms. Rios also opined that Plaintiff could frequently lift and carry less than 10 pounds and could occasionally lift and carry ten pounds. R. 892. Ms. Rios answered "Yes" to the question whether Plaintiff had limitations in doing repetitive reaching, handling, or fingering; asked how long Plaintiff could sustain repetitive movements at one time and total time in an 8-hour workday, Ms. Rios responded, "= 30 minutes[.]" Ms. opined that Plaintiff would be absent from work more than four times a month as a result of her impairments or treatments. *Id*. According to Ms. Rios, Plaintiff was not physically capable of working an 8-hour day, five days a week on a sustained basis. *Id*.

## V.     DISCUSSION

Plaintiff argues that substantial evidence does not support the ALJ's RFC determination because, *inter alia*, the ALJ failed to properly weigh Ms. Rios's opinion. *Plaintiff's Moving Brief*, ECF No 19, pp. 16 n.6, 23. This Court agrees, but for reasons different from those raised by Plaintiff. *Cf. Jennings o/b/o Thomas v. Saul*, No. CV 20-1953, 2021 WL 601097, at *2-3 (E.D. Pa. Feb. 16, 2021), *reconsideration denied sub nom. Jennings o/b/o Thomas v. Saul*, No. CV 20-1953, 2021 WL 1175134 (E.D. Pa. Mar. 29, 2021) ("This unexplained mistake is a clear, reversible error that this court has addressed *sua sponte*.") (citations omitted); *McNeal v. Comm'r of Soc. Sec.*, No. CIV.A. 10-318-J, 2012 WL 1038898, at *3 (W.D. Pa. Mar. 28, 2012) ("The Court does not reach any of the issues raised by Plaintiff but finds that remand is warranted on grounds not raised by the parties.").

A claimant's RFC is the most that the claimant can do despite her limitations. 20 C.F.R. §§ 404.1545(a)(1), 416.945(a)(1). At the administrative hearing stage, it is the ALJ who is charged with determining the claimant's RFC. 20 C.F.R. §§ 404.1527(e), 404.1546(c), 416.927(e), 416.946(c); *see also Chandler v. Comm'r of Soc. Sec.*, 667 F.3d 356, 361 (3d Cir. 2011) ("The ALJ—not treating or examining physicians or State agency consultants—must make the ultimate disability and RFC determinations.") (citations omitted). When determining a claimant's RFC, the ALJ has a duty to consider all the evidence. *Plummer*, 186 F.3d at 429. However, the ALJ need include only "credibly established" limitations. *Rutherford v. Barnhart*, 399 F.3d 546, 554 (3d Cir. 2005); *see also Zirnsak v. Colvin*, 777 F.3d 607, 615 (3d Cir. 2014) (stating that the ALJ has discretion to choose whether to include "a limitation [that] is supported by medical evidence, but is opposed by other evidence in the record" but "[t]his discretion is not unfettered—the ALJ cannot reject evidence of a limitation for an unsupported reason" and

stating that "the ALJ also has the discretion to include a limitation that is not supported by any medical evidence if the ALJ finds the impairment otherwise credible").

In the case presently before the Court, the ALJ determined that Plaintiff had the RFC to perform a limited range of light work:

> After careful consideration of the entire record, I find that the claimant has the residual functional capacity to perform light work as defined in 20 CFR 404.1567(b) and 416.967(b) except with a limited ability to communicate in English; she could perform all postural maneuvers occasionally, except never climbing ladder/ropes/scaffolds; she could frequently use the hands bilaterally for handling, fingering, and feeling; and she could occasionally perform overhead reaching. Further, the claimant could never work at unprotected heights or work with exposed machinery. The claimant can understand, remember, and carry out simple instructions; can perform simple, routine tasks; can make simple work-related decisions; would be able to adapt to changes in routine work settings; and can respond appropriately to supervision, coworkers, and usual work situations.

R. 22. In reaching this determination, the ALJ considered Ms. Rios' June 2019 opinion,[5] and assigned it "little weight[,]" reasoning as follows:

> Further opinion from Ms. Rios on June 18, 2019 indicated that the claimant could frequently lift less than ten pounds and could occasionally lift and carry ten pounds (Exhibit 13F, 3). The claimant was expected to miss more than four days of work per month. She was noted to experience drowsiness (Id. at 2). She could stand and walk for two hours. She could sit for three hours. She needed to take unscheduled breaks every thirty minutes to two hours for fifteen to thirty minutes at a time. Ms. Rios is not an acceptable medical source, and the overall record does not fully support the limitations opined, including the exertional and nonexertional limitations assessed, such as likely absences from work. For these reasons, this assessment is given little weight.

R. 31.

Plaintiff challenges this evaluation, arguing the ALJ improperly rejected this opinion even though it was supported by treatment notes; Plaintiff also insists that Ms. Rios was an

---

[5] Ms. Rios also provided—and the ALJ considered—other opinions that Plaintiff was "permanently disabled" and that, in an application for a vehicle placard, she was unable to work 200 feet, R. 30, but the Court does not address those opinions.

11

acceptable medical source. *Plaintiff's Moving Brief*, ECF No. 19, p. 16 n.6, 23. The Acting Commissioner argues that the ALJ properly discounted Ms. Rios' June 2019 opinion because Ms. Rios was a physician assistant who was not an acceptable medical source under the applicable regulations and because her opinions are not supported by the overall record. *Defendant's Brief Pursuant to Local Civil Rule 9.1*, ECF No. 24, pp. 30–31.

An ALJ must evaluate all record evidence in making a disability determination. *Plummer,* 186 F.3d at 433; *Cotter,* 642 F.2d at 704. The ALJ's decision must include "a clear and satisfactory explication of the basis on which it rests" sufficient to enable a reviewing court "to perform its statutory function of judicial review." *Cotter*, 642 F.2d at 704–05. Specifically, the ALJ must discuss the evidence that supports the decision, the evidence that the ALJ rejected, and explain why the ALJ accepted some evidence but rejected other evidence. *Id*. at 705–06; *Diaz v. Comm'r of Soc. Sec*., 577 F.3d 500, 505–06 (3d Cir. 2009); *Fargnoli v. Massanari*, 247 F.3d 34, 42 (3d Cir. 2001) ("Although we do not expect the ALJ to make reference to every relevant treatment note in a case . . . we do expect the ALJ, as the factfinder, to consider and evaluate the medical evidence in the record consistent with his responsibilities under the regulations and case law."). Without this explanation, "the reviewing court cannot tell if significant probative evidence was not credited or simply ignored." *Cotter*, 642 F.2d at 705; *see also Burnett,* 220 F.3d at 121 (citing *Cotter*, 642 F.2d at 705).

For claims filed before March 27, 2017, "acceptable medical sources" included only licensed physicians, psychologists, optometrists, podiatrists, and speech-language pathologists. 20 C.F.R. § 404.1513(a) (eff. Sept. 3, 2013 to March 26, 2017), 416.913(a) (eff. Sept. 3, 2013 to

March 26, 2017).[6] A physician assistant is an "other source." *Id*. at §§ 404.1513(d)(1) (listing, *inter alios*, physician assistants as medical sources who are not acceptable medical sources), 416.913(d)(1) (same); *see also* SSR 06-3p, 71 Fed. Reg. 45593-03, 2006 WL 2263437 ("[O]nly 'acceptable medical sources' can be considered treating sources . . . whose medical opinions may be entitled to controlling weight."), *rescinded*, 82 Fed. Reg. 15263-01, 2017 WL 1105349 (Mar. 26, 2017) (rescinded as to claims filed on or after March 27, 2017). Although evidence from an "other source" cannot be used as evidence to establish an impairment, 20 C.F.R. §§ 404.1513(a), 416.913(a), such evidence can be used to show the severity of a claimant's impairment and how that impairment affects the claimant's ability to work, *id*. at §§ 404.1513(d)(1), 416.913(d)(1). Opinions from "other sources" therefore "are important and should be evaluated on key issues such as impairment severity and functional effects, along with the other relevant evidence in the file." SSR 06-3p (stating further that "the Act requires us to consider all of the available evidence in the individual's case record in every case"). The factors used under 20 C.F.R. §§ 404.1527 and 416.927 to evaluate medical opinions from "acceptable medical sources" may also be applied to opinion evidence from "other sources." *Id*.; *see also* 20 C.F.R. §§ 404.1527(c)(1)–(6) (reflecting factors of (1) the length of the treatment relationship and frequency of examination; (2) the nature and extent of the treatment relationship; (3) the supportability of the opinion; (4) the consistency of the opinion with the record as a whole; (5) the treating source's specialization; and (6) any other relevant factors), 416.927(c)(1)–(6) (same).

---

[6] As previously noted, Plaintiff's DIB claim was filed on February 23, 2017, and her SSI claim was filed on July 13, 2017. For claims filed after March 27, 2017, the Social Security Administration does not distinguish between "acceptable medical sources" and "other sources." *See* 20 C.F.R. §§ 404.1520c, 416.920c.

In the case presently before the Court, the ALJ discounted Ms. Rios' June 2019 opinion because (1) she "is not an acceptable medical source", and (2) "the overall record does not fully support the limitations opined, including the exertional and nonexertional limitations assessed, such as likely absences from work." R. 31. However, as set forth above, "an opinion from an 'other source' may not be rejected solely on the basis that it is not from an 'acceptable medical source.'" *Sanford v. Comm'r of Soc. Sec.*, No. CIV. 13-0366, 2014 WL 1294710, at *4 (D.N.J. Mar. 28, 2014) (remanding action where the ALJ assigned little weight to, *inter alios*, the claimant's treating chiropractor because that provider was not an "acceptable medical source"); *see also* SSR 06-3p (stating that opinions from other sources are important and should be evaluated); *Sykes v. Apfel*, 228 F.3d 259, 271 (3d Cir. 2000) ("Social Security Rulings are agency rulings published 'under the authority of the Commissioner of Social Security' and 'are binding on all components of the Social Security Administration.'") (quoting 20 C.F.R. § 402.35(b)(1) (1999)).

Although the ALJ also discounted Ms. Rios' June 2019 opinion as "not fully support[ed]" by the "overall record[,]" the ALJ provided no citation to any such contrary evidence in the record to support this conclusion. R. 31. Nor is it clear from the ALJ's recitation of the evidence at step four how the record undermines Ms. Rios' opined limitations—including, *inter alia*, the limitations in sitting for 30 minutes at a time and up to 3 hours an 8-hour workday; standing/walking for 15 minutes at a time and up to 2 hours in an 8-hour workday; needing a job that permits changing position at will; needing to take unscheduled breaks every 30 minutes to 2 hours; being capable of frequently lifting and carrying only less than 10 pounds and only occasionally lifting and carrying 10 pounds—that are inconsistent with a RFC for light exertional work. R. 891–92; *see also* 20 C.F.R. §§ 404.1567(b) ("Light work involves lifting no more than

14

20 pounds at a time with frequent lifting or carrying of objects weighing up to 10 pounds."), 416.967(b) (same); SSR 83-10 ("Since frequent lifting or carrying requires being on one's feet up to two-thirds of a workday, the full range of light work requires standing or walking, off and on, for a total of approximately 6 hours of an 8-hour workday. Sitting may occur intermittently during the remaining time."). For example, the ALJ recites evidence from, *inter alia*, May 2018 that Plaintiff was lightheaded and balance function testing showed reduced stability in all directions; evidence from June 2018 that Plaintiff had an antalgic gait; evidence in August 2018 that Plaintiff had continued left foot pain; a December 2018 MRI of the left shoulder that revealed moderate degenerative changes at the ACL with mild spurring; and a January 2019 physical examination that revealed an antalgic gait, left shoulder tenderness with abduction, and bilateral positive straight leg raising at 30 degrees with lumbar flexion at 60 with tenderness. R. 26–27.[7] The ALJ also admitted that Plaintiff "was given a prescriptions [sic] for home health aide in January 2019 (Exhibit 11F, 2)." R. 27. Ms. Rios prescribed this home health aide because of Plaintiff's "chronic debilitating pain" and "Risk of falls – S/P [status post] fall[.]" R. 869. In addition, although the ALJ observed that Plaintiff "was noted with vertigo, carpal tunnel syndrome, depression and lumbar radiculitis (Exhibit 13F, 40)" in March 2019, the ALJ failed to explain that Dr. Guillen identified those diagnoses in his prescription for home health ride services. R. 27, 929; *cf. Perez v. Comm'r of Soc. Sec.*, No. 1:17-CV-02311, 2018 WL 5620094, at *14 (N.D. Ohio Oct. 30, 2018) ("The ALJ acknowledged evidence regarding the home health care services. . . . However, the ALJ failed to explain how this evidence was considered or factored in, if at all, when concluding that Perez's activities of daily living were a reason for

---

[7] Evidence not discussed by the ALJ but similarly supportive reflected an antalgic gait upon physical examinations in July 2018, September 2018, November 2018, February 2019, March 2019, and May 2019. R. 893, 896–98, 902–03, 905.

discounting functional limitations assessed by a longtime treating source."). Although the ALJ assigned "partial weight" to the medical state agency reviewing consultants and "great weight" to the mental state agency reviewing consultants who identified fewer and/or less restrictive limitations than those opined by Ms. Rios, those state agency opinions were issued in May and August 2017, approximately one to two years before the record evidence from 2018 and 2019 detailed above.

In short, because the ALJ's explanation for discounting Ms. Rios' June 2019 opinion and his recitation of the evidence does not clearly explain why that opinion is "not fully support[ed]" by "the overall record[,]" R. 31, the Court cannot meaningfully evaluate that finding. *See Jones*, 364 F.3d at 505 (stating that an ALJ's decision must contain "sufficient development of the record and explanation of findings to permit meaningful review"); *Hardy v. Comm'r of Soc. Sec.*, No. CV 18-12813 (SRC), 2019 WL 3812450, at *3 (D.N.J. Aug. 14, 2019) ("Here, the ALJ explained that Dr. Kempf's assessment was not consistent with the record evidence as a whole.[] In the absence of an explanation of the purported conflicts in the evidence, this statement cannot be meaningfully reviewed."); *Zigarelli v. Comm'r, Soc. Sec. Admin.*, No. CV 18-12690, 2019 WL 3459080, at *4 (D.N.J. July 30, 2019) (remanding action where the ALJ found the physician's opinion "vague and currently inconsistent with the evidence of record" but where the ALJ "does not explain in what way he found the limitation to be vague, nor does he cite to specific contradictory evidence in the record.[] Thus, the Court cannot determine whether the ALJ properly discounted Dr. Ranawat's opinion in this regard"); *Hines v. Colvin*, No. CV 18-13828, 2018 WL 6313499, at *4 (D.N.J. Dec. 3, 2018) ("Again, however, the ALJ does not indicate what specific portions [of a medical opinion] are inconsistent [with the record]. These vague citations to the record are insufficient to 'provide a clear and satisfactory explication' of

16

the weight given to Dr. Allegra's opinion in order to assist a reviewing court in 'perform[ing] its statutory function of judicial review.'") (citing *Cotter*, 642 F.2d at 704−05).

This Court therefore concludes that remand of the matter for further consideration of these issues is appropriate.[8] Moreover, remand is appropriate even if, upon further examination of Ms. Rios' June 2019 opinion and the RFC determination, the ALJ again concludes that Plaintiff is not entitled to benefits. *Cf. Zuschlag v. Comm'r of Soc. Sec. Admin.*, No. 18-CV-1949, 2020 WL 5525578, at *8 (D.N.J. Sept. 15, 2020) ("On remand, the ALJ may reach the same conclusion, but it must be based on a proper foundation."); *Jiminez v. Comm'r of Soc. Sec.*, No. CV 19-12662, 2020 WL 5105232, at *4 (D.N.J. Aug. 28, 2020) ("Once more, the ALJ did not provide an adequate explanation that would enable meaningful review, and the Court once more cannot determine what role lay speculation played in the ALJ's rejection of this detailed functional assessment from Dr. Marks.").

## VI.   CONCLUSION

For these reasons, the Court **REVERSES** the Commissioner's decision and **REMANDS** the matter for further proceedings consistent with this *Opinion and Order*.

The Court will issue a separate Order issuing final judgment pursuant to Sentence 4 of 42 U.S.C. § 405(g).

**IT IS SO ORDERED.**


Date:  August 4, 2023                                   *s/Norah McCann King*
                                                      NORAH McCANN KING
                                                 UNITED STATES MAGISTRATE JUDGE

---

[8] Plaintiff asserts other errors in the Commissioner's final decision. Because the Court concludes that the matter must be remanded for further consideration of Ms. Rios' June 2019 opinion and the RFC determination, the Court does not consider those claims.
.